**OLSHAN FROME WOLOSKY LLP**
1325 Avenue of the Americas
New York, New York 10019
Michael S. Fox, Esq.
Jonathan T. Koevary, Esq.
Lauren B. Irby, Esq.
212.451.2300

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| East Coast TVs Inc, et al., | Case No. 18-40765 (ESS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE
SECTIONS 105(a), 362, 503(b), 507(a), 546(c), AND 546(h)
(I) GRANTING ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS
FROM POSTPETITION DELIVERY OF GOODS; (II) AUTHORIZING
PAYMENT OF EXPENSES IN THE ORDINARY COURSE OF BUSINESS;
(III) AUTHORIZING DEBTORS TO RETURN GOODS; AND (IV) ESTABLISHING
<u>PROCEDURES FOR RECLAMATION DEMANDS</u>**

The above captioned debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for entry of an order, under sections 105(a), 362, 503(b), 507(a), 546(c), and 546(h) of title 11 of the United States Code (the "Bankruptcy Code"), (i) confirming the grant of administrative expense status to obligations arising from postpetition delivery of goods; (ii) establishing authority to pay obligations arising from postpetition delivery of goods in the ordinary course of business; (iii) authorizing, but not directing, the Debtors to return goods to vendors under Bankruptcy Code section 546(h); and (iv) establishing procedures for reclamation demands. In support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: East Coast TVs Inc (0300) and Garden State Installations II, Inc (4391).

4504108-2

1.  On February 9, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (the "Court"). The factual background regarding the Debtors, including their business operations, capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Declaration of Isaac Barnathan in Support of First Day Motions (the "Barnathan Declaration"), dated February 12, 2018 and fully incorporated herein by reference.[2]

2.  The Debtors continue to manage and operate their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

## Jurisdiction

3.  This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4.  The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 362, 503(b), 507(a), 546(c) and 546(h).

## Relief Requested

5.  By this Motion, and in order to obtain and ensure timely delivery from their suppliers and vendors (together, the "Vendors") of materials, supplies, goods, products and related items (collectively, the "Goods"), the Debtors seek entry of an order:

    (a)  Confirming that the Vendors will have administrative expense priority claims under Bankruptcy Code sections 503(b) and 507(a)(2) for those undisputed obligations arising from the Debtors' numerous prepetition purchase orders outstanding on the Petition Date (the "Outstanding Orders") relating to the shipments of Goods received and accepted by the Debtors on or after the Petition

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Barnathan Declaration.

          Date and authorizing, but not directing, the Debtors to pay for such Goods in the ordinary course of business;

(b)     Authorizing, but not directing, the Debtors, under Bankruptcy Code section 546(h), to return Goods purchased from Vendors by the Debtors prior to the Petition Date, for credit against such Vendors' prepetition claims;

(c)     Establishing procedures for reconciliation of claims made by Vendors who make written reclamation demands for Goods delivered prior to the Petition Date in accordance with Bankruptcy Code section 546(c); and

(d)     Prohibiting Vendors and other third parties from reclaiming or preventing delivery of goods or products to the Debtors and confirming that, pursuant to Bankruptcy Code sections 105 and 362, third parties are stayed and prohibited from interfering with the delivery of goods and products to the Debtors.

## BASIS FOR RELIEF

6.     Absent the relief requested in this Motion, the Debtors will be required to expend substantial time and limited resources (a) convincing Vendors of the Debtors' authority to make certain payments; (b) reissuing Outstanding Orders; (c) establishing their rights to retain the Goods; (d) contesting or litigating reclamation demands; and/or (e) enforcing their rights with respect to Goods in transit.

7.     As a result, there would be a delay and/or disruption in the continuous flow of Goods to the Debtors. Any such material delay or disruption would, in turn, cause considerable harm to the Debtors' business and retail operations, thereby imperiling the Debtors' restructuring efforts. Consequently, the relief requested herein is in the best interests of the Debtors, their estates, and their creditors.

**Confirmation of Administrative Status.**

8.     In the ordinary course of the Debtors' business, numerous Vendors provide the Debtors with a variety of Goods, such as televisions. These Goods are absolutely essential to the sustained operations of the Debtors in the Debtors' efforts to reorganize and the consideration of their restructuring alternatives.

4504108-2

9. The Debtors believe that as a result of the Debtors' filing of their chapter 11 cases, many of the Vendors will be concerned that they will not be paid for the delivery or shipment of Goods after the Petition Date, if such delivery or shipment was based on a prepetition purchase order. Accordingly, Vendors might decline to ship, or may instruct their shippers not to deliver, Goods destined for the Debtors unless the Debtors issues substitute purchase orders postpetition or obtains an order of this Court confirming that all obligations of the Debtors arising from prepetition purchase orders, delivery or satisfaction of which occurs postpetition, are to be granted administrative expense status, subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such Goods or the proceeds of such Goods under the Debtors' proposed cash collateral agreement, to the extent of such interests. Therefore, the Debtors believe that such a "comfort" order is necessary for them to effectively reorganize.

**Return of Goods.**

10. In the ordinary course of business, the Debtors receives various Goods that may not be up to standards, defective, or otherwise not suitable or necessary for their retail operations. In some cases, the Debtors returns the Goods to Vendors. Notwithstanding the filing of these cases, and the distinction between prepetition and postpetition claims, the Debtors requests that it be permitted, in their discretion, to return Goods that were delivered postpetition based on prepetition purchase orders for credit against such prepetition purchase orders, if the Debtors determine that such Goods of are little or no value to the Debtors' estates.

11. The Debtors submits that an order approving returns to Vendors for credit against their prepetition claims, to the extent of such interests, is in the best interests of the Debtors' estates. Such relief will enable the Debtors to (a) obtain proper credit for otherwise unusable Goods, cost-effectively and without undue financial risk, and (b) effectively manage inventory,

enhancing the Debtors' financial performance, the value of the assets of the estates, and the prospects of a successful reorganization.

**Procedures for Reconciliation of Reclamation Claims.**

12. The Debtors believe that many Vendors will attempt to assert their right to reclaim Goods delivered to the Debtors shortly before or soon after the Petition Date. In the absence of approved procedures for orderly processing and reconciling such demands (the "Reclamation Demands"), the Debtors' operations and access to much needed materials and goods might be disrupted. In addition, given the grant of administrative priority to the claims of certain vendors under Bankruptcy Code section 503(b)(9), the Debtors may be put in a position of inadvertently paying for such Goods twice.

13. Accordingly, the Debtors propose the following procedures for processing and reconciling Reclamation Demands:

(a) Any person making a Reclamation Demand (the "Reclamation Claimant") must send the Reclamation Demand so it is *received* by the Debtors no later than the day that is twenty (20) days following the Petition Date or such earlier time as may be required under Bankruptcy Code section 546(c) to the following addressee: 724 Avenue P, Brooklyn, NY 11223, Attn: Isaac Barnathan, with a separate copy to Olshan Frome Wolosky, LLP, 1325 Avenue of the Americas, New York, NY 10022, Attn: Lauren B. Irby, Esq.

(b) All Reclamation Demands must include the information required by the Uniform Commercial Code or Bankruptcy Code Section 546(c) with respect to the Goods for which the Reclamation Demand is asserted, and the following: (i) a statement by the claimant as to whether they have or will assert an administrative claim pursuant to Bankruptcy Code section 503(b)(9) for the value of goods the claimant provided to the Debtors within the twenty (20) days immediately prior to the Petition Date (a "Section 503(b)(9) Claim") and (ii) to the extent known, the amount of any Section 503(b)(9) Claim.

(c) On or before the day that is one hundred and twenty (120) days following the Petition Date, the Debtors shall advise each Reclamation Claimant of the allowed amount, if any, of the Reclamation Demand (the "Allowed Reclamation Amount"). Absent receipt of any notice setting forth such an Allowed Reclamation Amount, the Debtors shall be deemed to have rejected the Reclamation Demand.

    (d)    In the event that the Debtors and the Reclamation Claimant agree upon the Allowed Reclamation Amount, the Debtors shall be authorized to make payment in such amount or be required to return the goods sought to be reclaimed, subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such Goods.

Notwithstanding the foregoing, nothing in this Motion or the above procedures is intended to prohibit, hinder, or delay any Reclamation Claimant from asserting or prosecuting any of its rights to seek to reclaim goods provided to the Debtors, subject to the provisions of Bankruptcy Code sections 105, 362, and 546(c).  In addition, the Debtors do not waive, and expressly reserve, their right to assert any and all defenses to a Reclamation Demand.  The Debtors submit that the Reclamation Claimants are not entitled to administrative expense treatment in respect of any asserted reclamation claim but, instead, are general non-priority unsecured claims (subject to the Debtors' right to object to such unsecured claims on any grounds that governing law permits).

**Confirming Stay of Third Parties.**

14.    Bankruptcy Code section 362 prohibits third parties from taking actions to, among other things, obtain or exercise control over property of the estate.  Moreover, Bankruptcy Code section 105 permits this Court to enter any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.  As set forth above, the Debtors' ability to receive the Goods is critical to the continued operation of the Debtors' business.  Moreover, as discussed below, the automatic stay of Bankruptcy Code section 362 prohibits any attempts to gain possession of the Goods, absent relief from this Court.

15.    Thus, the Debtors requests that the Court confirm that a reclamation claimant or any other third party is prohibited from seeking to reclaim Goods that have already been delivered, or from interfering with the delivery of Goods presently in transit to the Debtors, absent further order of this Court granting relief from the automatic stay.  Such relief is both

necessary and appropriate under the circumstances and will facilitate uninterrupted operation of the Debtors' national retail business.

**Applicable Authority**

**GOODS DELIVERED TO THE DEBTORS POSTPETITION ARE ENTITLED TO ADMINISTRATIVE EXPENSE STATUS UNDER BANKRUPTCY CODE SECTION 503(b)(1).**

16. Under Bankruptcy Code section 503(b)(1), claims are accorded administrative expense priority where such claims are for the actual, necessary costs and expenses of preserving the bankruptcy estate. See 11 U.S.C. § 503(b)(1)(A). In order to be awarded an administrative expense claim, a claimant must demonstrate that it conducted a transaction with a debtor in possession that, in turn, provided a benefit to such debtor's estate. *See In re Merry-Go-Round Enterprises, Inc.*, 180 F.3d 149, 157 (4th Cir. 1999); *In re Baseline Sports, Inc.*, 393 B.R. 105, 130(Bankr. E.D. Va. 2008).

17. Under the provisions of Bankruptcy Code section 503(b)(1)(A), all undisputed obligations that arise in connection with the postpetition delivery of goods to the Debtors are, upon acceptance, arguably, administrative expenses. Although the Debtors believe that they therefore have the authority to make payment for Goods received postpetition (irrespective of the time the orders were first placed), confirmation of that authority is, in the Debtors' view, highly desirable. The Debtors' relationship with their Vendors is so essential that it is important to give them the utmost reassurance that their valid claims will be given administrative expense priority status, and that they will continue to be paid by the Debtors in the ordinary course of business.

18. Absent the relief requested in this motion, the Debtors would be required to expend substantial time and resources convincing Vendors of the Debtors' authority to make certain payments, reissuing outstanding orders, and/or establishing the Debtors' right to retain the Goods. The attendant disruption in the supply of Goods could significantly hinder the

4504108-2

Debtors' operations and subject the Debtors to tremendous expense. Without the Goods, the Debtors' business would deteriorate, and their opportunity to preserve the value of their assets would be jeopardized.

19. Given the nature and scale of the Debtors' operations, the volume of Goods consumed in the Debtors' operations, the Debtors' levels of inventory, and the potential impact of any interruption in the flow of Goods to the Debtors, the Debtors have a clear need to maintain an uninterrupted supply of Goods from Vendors. Accordingly, the Debtors request the relief set forth herein.

**THE DEBTORS ARE AUTHORIZED TO RETURN GOODS UNDER BANKRUPTCY CODE SECTION 546(h).**

20. Bankruptcy Code section 546(h) permits a debtor, with the consent of a creditor and subject to the prior rights of holders of security interest in such goods or the proceeds of such goods, to return goods shipped to the debtor by the creditor before the commencement of the cases, for credit against the creditor's prepetition claim, provided that the Court determines (on a motion made no later than 120 days after the order for relief and after notice and hearing) that such return is in the best interests of the estates.

21. The purpose of Bankruptcy Code section 546(h) is to "relieve the bankruptcy estate of the burden of keeping unwanted or unsaleable goods, and relieve the estate of unnecessary liabilities." 138 Cong. Rec. S8241-01, at S8265-66 (daily ed. June 16, 1992) (statement of Sen. Heflin), 1992 WL 132641. The consensual return to vendors for damaged or unnecessary goods will thus "permit more efficient reorganization of bankruptcy Debtor." *Id.* at S8266 (statement of Sen. Heflin).

22. Through the Motion, the Debtors seek only the relief to which it they entitled under Bankruptcy Code section 546(h). Accordingly, the Debtors should be permitted to return goods, in their discretion, as permitted by the Bankruptcy Code and as set forth herein.

**THE PROCEDURES FOR RECONCILIATION OF RECLAMATION CLAIMS ARE APPROPRIATE UNDER BANKRUPTCY CODE SECTIONS 105 AND 546(c) AND NECESSARY TO PREVENT DUPLICATIVE PAYMENT OF CLAIMS UNDER BANKRUPTCY CODE SECTION 503(b)(9).**

23. As set forth above, the procedures proposed herein are necessary for the Debtors to process and review, in an efficient and cost-effective manner, the Reclamation Demands of Reclamation Claimants. In addition, the procedures are critical to the Debtors' efforts to avoid inadvertently paying Reclamation Claimants twice for the same claim.

24. Specifically, Bankruptcy Code section 503(b)(9) provides that claims for goods received by a debtor in the ordinary course within twenty (20) days of the Petition Date, are entitled to administrative priority. 11 U.S.C. § 503(b)(9). Absent approval of the procedures set forth herein, including the requirement that Reclamation Claimants set forth in their Reclamation Claims whether they will seek a 503(b)(9) Claim and in what amount such claim will be, the Debtors may inadvertently pay Reclamation Claimants once for their Reclamation Claims and again for their 503(b)(9) Claims.

25. Bankruptcy Code section 105 permits the Court to "issue any order … that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). In the event that numerous reclamation demands are received, as the Debtors anticipate, the Debtors and their professionals would be unnecessarily distracted from the reorganization process to the detriment of the Debtors and their estates. Moreover, as noted above, in light of the many pressing demands that the Debtors and their professionals will have in the weeks following the Petition Date, the procedures set forth herein will allow the Debtors to

fully evaluate any Reclamation Claims received and coordinate this evaluation with the Debtors' review of any 503(b)(9) Claims.

**BANKRUPTCY CODE SECTIONS 105 AND 546 JUSTIFIES PROHIBITING RECLAMATION CLAIMANTS FROM SEEKING TO RECLAIM GOODS THAT HAVE BEEN DELIVERED OR INTERFERING WITH GOODS IN TRANSIT TO THE DEBTORS.**

26. Bankruptcy Code section 546(c)(1) authorizes vendors who have delivered goods to a debtor in the ordinary course of business to reclaim such goods, subject to certain limitations, if: (a) the debtor was insolvent when the goods were received; (b) the goods were received by the debtor within 45 days before the petition date; (c) the seller demanded reclamation in writing; and (d) such demand was made within 45 days after the debtor received possession of the goods (or within 20 days if the 45-day period would expire after the Petition Date). See 11 U.S.C. § 546(c)(1).

27. However, Bankruptcy Code section 546 does not include a waiver of the automatic stay protection afforded by Bankruptcy Code section 362. Accordingly, the automatic stay prohibits reclamation efforts without leave of court. See 11 U.S.C. § 362; *see also In re Waccamaw's Homeplace*, 298 B.R. 233, 237 (Bankr. D. Del. 2003) ("Obviously, with the filing of the petition, the automatic stay of § 362(a) barred any seller from taking any possessory action.").

28. As set forth herein, the Debtors are waiving none of their defenses to any Reclamation Claims. However, provided that Reclamation Claimants first obtain relief from the automatic stay, as required by the Bankruptcy Code, the procedures will not prevent such claimants from exercising or attempting to exercise their purported rights to reclaim possession of Goods under Bankruptcy Code section 546(c).

10

4504108-2

## Notice

29. No trustee, examiner or statutory creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (i) Office of the United States Trustee for the Eastern District of New York; (ii) those creditors holding the twenty (20) largest unsecured claims against the Debtors' estates; (iii) the IRS; (iv) all taxing authorities in relevant jurisdictions; (v) all attorneys general in relevant jurisdictions; and (vi) any other parties directly affected by this Motion. The Debtors submit that such notice is sufficient under the circumstances.

## No Prior Request

30. No previous motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: New York, New York
February 12, 2018

**OLSHAN FROME WOLOSKY LLP**

By:  /s/ *Michael S. Fox*
Michael S. Fox
Jonathan T. Koevary
Lauren B. Irby
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300

*Proposed Counsel to the Debtors*

UNITED STATES BANKRUPTCY COURT
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| East Coast TVs Inc, et al., | Case No. 18-40765 (ESS) |
| Debtors.[1] | (Joint Administration Requested) |

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 503(b), 507(a), 546(c), AND 546(h) (I) GRANTING ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS FROM POSTPETITION DELIVERY OF GOODS; (II) AUTHORIZING PAYMENT OF EXPENSES IN THE ORDINARY COURSE OF BUSINESS; (III) AUTHORIZING DEBTORS TO RETURN GOODS; AND (IV) ESTABLISHING PROCEDURES FOR <u>RECLAMATION DEMANDS</u>**

Upon the motion (the "Motion")[2] of the Debtors for an order pursuant to Bankruptcy Code sections 105(a) , 362, 503(b) , 507(a) , 546(c) , and 546(h), (i) confirming the grant of administrative expense status to obligations arising from postpetition delivery of goods; (ii) establishing authority to pay certain expenses in the ordinary course of business; (iii) authorizing the Debtors to return goods to vendors under Bankruptcy Code section 546(h); and (iv) establishing procedures for addressing reclamation demands; and the Court having reviewed the Motion and the Declaration of Isaac Barnathan in Support of First Day Motions; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: East Coast TVs Inc (0300) and Garden State Installations II, Inc (4391).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

4504108-2

further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED, as set forth herein.

2. The Vendors shall have administrative expense claims with priority under Bankruptcy Code sections 503(b) and 507(a)(2) for those undisputed obligations arising from outstanding orders relating to shipments of Goods delivered, received, and accepted by the Debtors after the Petition Date, subject to the limitations imposed by any order of this Court.

3. The Debtors are authorized, but not obligated, to pay their undisputed obligations arising from the postpetition shipment or delivery of Goods by the Vendors under their customary practice in the ordinary course before the commencement of these chapter 11 cases.

4. The Debtors are authorized, but not obligated, under Bankruptcy Code section 546(h), subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such Goods or the proceeds of such Goods under the Debtors' proposed cash collateral agreement, to the extent of such interests, to return to Vendors Goods that were delivered prepetition for an offset of the purchase price of such Goods against the Vendors' prepetition claims.

5. The procedures for the processing and reconciliation of Reclamation Claims, if any, set forth in the Motion, including the following are hereby approved:

    (a) Any person making a Reclamation Demand (the "Reclamation Claimant") must send the Reclamation Demand so it is *received* by the Debtors no later than the day that is twenty (20) days following the Petition Date or such earlier time as may be required under Bankruptcy Code section 546(c) to the following addressee: 724 Avenue P, Brooklyn, NY 11223, Attn: Isaac Barnathan, with a separate copy to Olshan Frome Wolosky, LLP, 1325 Avenue of the Americas, New York, NY 10019, Attn: Lauren B. Irby, Esq.

    (b)    All Reclamation Demands must include the information required by Bankruptcy Code Section 546(c) with respect to the Goods for which the Reclamation Demand is asserted, and the following: (i) a statement by the claimant as to whether they have or will assert an administrative claim pursuant to Bankruptcy Code section 503(b)(9) for the value of goods the claimant provided to the Debtors within the twenty (20) days immediately prior to the Petition Date (a "Section 503(b)(9) Claim") and (ii) to the extent known, the amount of any Section 503(b)(9) Claim.

    (c)    On or before the day that is one hundred and twenty (120) days following the Petition Date, the Debtors shall advise each Reclamation Claimant of the allowed amount, if any, of the Reclamation Demand (the "Allowed Reclamation Amount"). Absent receipt of any notice setting forth such an Allowed Reclamation Amount, the Debtors shall be deemed to have rejected the Reclamation Demand.

    (d)    In the event that the Debtors and the Reclamation Claimant agree upon the Allowed Reclamation Amount, the Debtors shall be authorized to make payment in such amount or be required to return the goods sought to be reclaimed, subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such goods.

6. Nothing in this Order or the above procedures is intended to prohibit, hinder, or delay any Reclamation Claimant from asserting or prosecuting any of its rights to seek to reclaim goods provided to the Debtors, subject to the provisions of Bankruptcy Code sections 105, 362, and 546(c), or from filing a claim under Bankruptcy Code section 503(b)(9) consistent with applicable orders of this Court.

7. Notwithstanding Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry hereof.

8. This Court retains jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this order.

Dated: Brooklyn, New York
       February ___, 2018

                                        UNITED STATES BANKRUPTCY JUDGE

4504108-2