**OLSHAN FROME WOLOSKY LLP**
1325 Avenue of the Americas
New York, New York 10019
Michael S. Fox, Esq.
Jonathan T. Koevary, Esq.
Lauren B. Irby, Esq.
212.451.2300

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| East Coast TVs Inc, et al., | Case No. 18-40765 (ESS) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS**

The above captioned debtors and debtors in possession (collectively, the "Debtors"), hereby move this Court (the "Motion") for entry of an order extending the time for the Debtors to file their schedules and statements of financial affairs, without prejudice to the Debtors' right to seek further extensions upon a showing of cause. In support of this Motion, the Debtors respectfully state as follows:

**Background**

1. On February 9, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (the "Court"). The factual background regarding the Debtors,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: East Coast TVs Inc (0300) and Garden State Installations II, Inc (4391).

including their business operations, capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Declaration of Isaac Barnathan in Support of First Day Motions (the "Barnathan Declaration"), dated February 12, 2018 and fully incorporated herein by reference.[2]

2. The Debtors continue to manage and operate their business as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

## Jurisdiction

3. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief requested herein are section 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules").

## Relief Requested

5. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors are each required to file (a) a schedule of assets and liabilities; (b) a statement of financial affairs; (c) a schedule of current income and expenditures; and (d) a statement of executory contracts and unexpired leases (collectively, the "Schedules") within 14 days after the Petition Date. By this Motion, the Debtors seek entry of an order in substantially the form annexed hereto as Exhibit A, extending their time for filing the Schedules for an additional 30

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Barnathan Declaration.

days from the first day hearing, without prejudice to the Debtors' ability to request additional time upon a showing of cause.

## Basis for Relief

6.    Bankruptcy Rule 1007(c) authorizes the Court to grant an extension of the date by which the Schedules must be filed "on motion for cause shown." The volume of material that must be compiled and reviewed by the Debtors' staff and management and the need for management to focus on continuing operations during the first critical weeks of these chapter 11 cases, provides ample "cause" for justifying the requested extension.

7.    The operation of the Debtors' business requires the Debtors to maintain voluminous records on customer orders, inventory, and payables to vendors. Given the complexity of the business operation, the number of creditors, and the fact that certain prepetition invoices have not yet been received or entered into the Debtors' accounting systems, the Debtors require ample time to compile the information required to complete the Schedules.

8.    Further, completing the Schedules will require the collection, review and assembly or information from the Debtors' officers. In light of the numerous critical operational matters that the officers must address in the early days of these Chapter 11 Cases, the Debtors will not be in a position to complete the Schedules within the time specified in Bankruptcy Rule 1007(c).

9.    In short, the Debtors' primary focus is the smooth transition into chapter 11 in order to continue the Debtors' business as a going concern. As a result, while the Debtors are mobilizing their employees to work diligently and expeditiously to prepare the Schedules, the Debtors' resources are limited. In view of the amount of work entailed in completing the Schedules, and the competing demands upon the Debtors' employees and professionals to assist in efforts to stabilize business operations during the initial post-petition period, the Debtors will

not be able to properly and accurately complete their Schedules within the required 14-day time period.

10. Courts in this District have routinely found cause to grant similar relief. *See, e.g.*, *In re The Brown Publishing Co.*, Case No. 10-73295 (AST) (Bankr. E.D.N.Y. May 5, 2010); *In re Changing World Technologies, Inc.*, Case No. 09-71487 (AST) (Bankr. E.D.N.Y. Apr. 16, 2009); *In re Caritas Health Care, Inc.*, Case No. 09-40901 (CEC) (Bankr. E.D.N.Y. Feb. 10, 2009); *In re the Brooklyn Hospital Center*, Case No. 05-26990 (CEC) (Bankr. E.D.N.Y. Sept. 30, 2005).

11. At present, the Debtors anticipate that they will require 30 additional days beyond the deadline contemplated by section 521 of the Bankruptcy Code to complete the Schedules. Accordingly, the Debtors respectfully request that the Court extend the date by which the Schedules must be filed pursuant to Rule 1007(c) of the Bankruptcy Rules by an additional 30 days from the first day hearing.

## Notice

12. No trustee, examiner or statutory creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (i) Office of the United States Trustee for the Eastern District of New York; (ii) those creditors holding the twenty (20) largest unsecured claims against the Debtors' estates; (iii) the IRS; (iv) all taxing authorities in relevant jurisdictions; (v) all attorneys general in relevant jurisdictions; and (vi) any other parties directly affected by this Motion. The Debtors submit that such notice is sufficient under the circumstances.

## No Previous Request

13. No previous request for the relief sought herein has been made to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: New York, New York
February 12, 2018

**OLSHAN FROME WOLOSKY LLP**

By: /s/ *Michael S. Fox*
Michael S. Fox
Jonathan T. Koevary
Lauren B. Irby
1325 Avenue of the Americas
New York, New York 10019
212.451.2300

*Proposed Counsel to the Debtors*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| East Coast TVs Inc, et al., | Case No. 18-40765 (ESS) |
| Debtors.[1] | (Joint Administration Requested) |

**ORDER AUTHORIZING AN EXTENSION OF THE TIME FO THE DEBTORS TO FILE SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtors"), for entry of an order extending the time to file schedules and statements of financial affairs, all as more fully set forth in the Motion; and upon consideration of the Declaration of Isaac Barnathan in Support of the Debtors' Chapter 11 Petition and Request for First Day Relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, the Debtors' estates, creditors, and parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: East Coast TVs Inc (0300) and Garden State Installations II, Inc (4391).

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4503591-2

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. The Debtors' time to file the Schedules is hereby extended for an additional 30 days to _____, pursuant to Bankruptcy Rule 1007(c).

3. Entry of this Order shall be without prejudice to the Debtors' right to seek further extensions of time within which to file their Schedules or to seek other relief from the Court regarding the filing of the Schedules.

Dated: February __, 2018
      Brooklyn, New York

_____
UNITED STATES BANKRUPTCY JUDGE