**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| East Coast TVs Inc, et al., | Case No. 18-40765 (ESS) |
| Debtors.[1] | |

**ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 503(b), 507(a), 546(c), AND 546(h) (I) GRANTING ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS FROM POSTPETITION DELIVERY OF GOODS; (II) AUTHORIZING PAYMENT OF EXPENSES IN THE ORDINARY COURSE OF BUSINESS; (III) AUTHORIZING DEBTORS TO RETURN GOODS; AND (IV) ESTABLISHING PROCEDURES FOR <u>RECLAMATION DEMANDS</u>**

Upon the motion (the "Motion")[2] of the Debtors for an order pursuant to Bankruptcy

Code sections 105(a) , 362, 503(b) , 507(a) , 546(c) , and 546(h), (i) confirming the grant of

administrative expense status to obligations arising from postpetition delivery of goods;

(ii) establishing authority to pay certain expenses in the ordinary course of business;

(iii) authorizing the Debtors to return goods to vendors under Bankruptcy Code section 546(h);

and (iv) establishing procedures for addressing reclamation demands; and the Court having

reviewed the Motion and the Declaration of Isaac Barnathan in Support of First Day Motions;

and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant

to 28 U.S.C. §§ 157 and 1334; and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in

the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other or

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: East Coast TVs Inc (0300) and Garden State Installations II, Inc (4391).

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

further notice is necessary; and upon the record herein; and after due deliberation thereon; and

good and sufficient cause appearing therefor, it is hereby

**ORDERED, ~~ADJUDGED, AND DECREED~~ that:**

1.      The Vendors shall have administrative expense claims with priority under

Bankruptcy Code sections 503(b) and 507(a)(2) for those undisputed obligations arising from

outstanding orders relating to shipments of Goods delivered, received, and accepted by the

Debtors after the Petition Date, subject to the limitations imposed by any order of this Court.

2.      The Debtors are authorized, but not obligated, to pay their undisputed obligations

arising from the postpetition shipment or delivery of Goods by the Vendors under their

customary practice in the ordinary course before the commencement of these chapter 11 cases.

3.      The Debtors are authorized, but not obligated, under Bankruptcy Code section

546(h), subject to the limitations imposed by any orders of this Court and the prior rights of

holders of security interests in such Goods or the proceeds of such Goods under the Debtors'

proposed cash collateral agreement, to the extent of such interests, to return to Vendors Goods

that were delivered prepetition for an offset of the purchase price of such Goods against the

Vendors' prepetition claims.

4.      The procedures for the processing and reconciliation of Reclamation Claims, if

any, set forth in the Motion, including the following are hereby approved:

(a)      Any person making a Reclamation Demand (the "Reclamation Claimant") must send the Reclamation Demand so it is *received* by the Debtors no later than the day that is twenty (20) days following the Petition Date or such earlier time as may be required under Bankruptcy Code section 546(c) to the following addressee: 724 Avenue P, Brooklyn, NY 11223, Attn: Isaac Barnathan, with a separate copy to Olshan Frome Wolosky, LLP, 1325 Avenue of the Americas, New York, NY 10019, Attn: Lauren B. Irby, Esq.

(b)      All Reclamation Demands must include the information required by Bankruptcy Code Section 546(c) with respect to the Goods for which the Reclamation Demand is asserted, and the following:  (i) a statement by the claimant as to

whether they have or will assert an administrative claim pursuant to Bankruptcy Code section 503(b)(9) for the value of goods the claimant provided to the Debtors within the twenty (20) days immediately prior to the Petition Date (a "Section 503(b)(9) Claim") and (ii) to the extent known, the amount of any Section 503(b)(9) Claim.

(c)     On or before the day that is one hundred and twenty (120) days following the Petition Date, the Debtors shall advise each Reclamation Claimant of the allowed amount, if any, of the Reclamation Demand (the "Allowed Reclamation Amount").  Absent receipt of any notice setting forth such an Allowed Reclamation Amount, the Debtors shall be deemed to have rejected the Reclamation Demand.

(d)     In the event that the Debtors and the Reclamation Claimant agree upon the Allowed Reclamation Amount, the Debtors shall be authorized to make payment in such amount or be required to return the goods sought to be reclaimed, subject to the limitations imposed by any orders of this Court and the prior rights of holders of security interests in such goods.

5.     Nothing in this Order or the above procedures is intended to prohibit, hinder, or delay any Reclamation Claimant from asserting or prosecuting any of its rights to seek to reclaim goods provided to the Debtors, subject to the provisions of Bankruptcy Code sections 105, 362, and 546(c), or from filing a claim under Bankruptcy Code section 503(b)(9) consistent with applicable orders of this Court.

6.     Notwithstanding Bankruptcy Rule 6004(g), this Order shall be effective and enforceable immediately upon entry hereof.

7.     This Court ~~retains~~ ***may retain*** jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this order.



**Dated: Brooklyn, New York**
      **February 19, 2018**

               **Elizabeth S. Stong**
           **United States Bankruptcy Judge**