# EXHIBIT A

**Fox Declaration**

[signature page to Application to Retain Olshan]

4504630-1

**OLSHAN FROME WOLOSKY LLP**
1325 Avenue of the Americas
New York, New York 10019
Michael S. Fox, Esq.
Jonathan T. Koevary, Esq.
212.451.2300

*Proposed Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| East Coast TVs Inc, et al., | Case No. 18-40765 (ESS) |
| Debtors.[1] | (Jointly Administered) |

**DECLARATION AND DISCLOSURE STATEMENT ON BEHALF OF**
**OLSHAN FROME WOLOSKY LLP PURSUANT TO SECTIONS 327, 329**
**AND 504 OF THE BANKRUPTCY CODE AND FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE 2014(a) AND 2016(b)**

Michael Fox makes this declaration under 28 U.S.C. § 1746, and states:

1.  I am a member of the firm of Olshan Frome Wolosky LLP ("Olshan"), a law firm with principal offices at 1325 Avenue of the Americas, New York, New York 10019.

2.  I submit this Declaration to provide the disclosure required under Bankruptcy Rules 2014(a) and 2016(b) in connection with the application of the above-captioned Debtors and Debtors in possession for approval of the Debtors' retention of Olshan as their attorneys in these chapter 11 cases pursuant to section 327(a) of the Bankruptcy Code and Local Rule 20141 (the "Application").[2] Unless otherwise stated in this Declaration, I have personal knowledge of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: East Coast TVs Inc (0300) and Garden State Installations II, Inc (4391).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

the facts set forth herein. To the extent any information disclosed herein requires amendment or modification upon Olshan's completion of further review or as additional party in interest information becomes available to it, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.

3. The Debtors have selected Olshan as their attorneys because of Olshan's knowledge of the Debtors' businesses and financial affairs and its extensive general experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Olshan has served as corporate and litigation counsel to the Debtors since 2018. Prior to the Petition Date, Olshan also provided restructuring advice and assistance in the preparation for the bankruptcy filing.

4. Neither I, nor any member, counsel to, or associate of Olshan represents any entity other than the Debtors in connection with these chapter 11 cases. In addition, to the best of my knowledge, after due inquiry, neither I, nor Olshan, nor any member, counsel to, or associate of Olshan represents any party in interest in these chapter 11 cases in matters related to these chapter 11 cases, except as set forth below.

### Olshan's Disclosure Procedures

5. In preparing this Declaration, and as detailed more fully below, Olshan has reviewed the list of secured and unsecured creditors, landlords, equity security holders and other parties in interest of the Debtors provided to us by the Debtors. A list of names Olshan ran through its conflicts check are attached as **Schedule 1** hereto. Olshan maintains a computerized conflicts check system. Olshan has compared the information obtained thereby with the information contained in its client and adverse party conflict check system. The facts stated in this Declaration as to the relationship between Olshan and the Debtors, the Debtors' creditors, the United States Trustee, other persons employed by the Office of the United States Trustee,

and those persons and entities who are defined as disinterested persons in section 101(14) of the Bankruptcy Code, are based on the results of my review of Olshan's conflict check system. Based upon such search, it is submitted that Olshan does not represent any entity in any matter involving or adverse to the Debtors or which would constitute a conflict of interest or impair the disinterestedness of Olshan in respect of its representation of the Debtors herein.

6. Olshan's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by Olshan, and it is the regular practice of Olshan to make and maintain these records. The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with Olshan and in my practice of law.

### Olshan's Disinterestedness

7. To the best of my knowledge, formed after a reasonable inquiry, Olshan neither holds nor represents any interest adverse to the Debtors and is a "disinterested person" within the scope and meaning of section 101(14) of the Bankruptcy Code.

8. As of the Petition Date, no counsel to, or member, associate or employee of Olshan holds any claims against, stock of, or other interests in the Debtors, and no such individuals were ever employed by the Debtors.

9. As part of its practice, Olshan appears in cases, proceedings, and transactions involving many different attorneys, accountants, and financial consultants, some of which now or may in the future represent claimants and other parties in interest in these cases. Olshan has not represented, and will not represent, any of such parties in relation to the Debtors or their chapter 11 cases.

10.     Olshan will continue to apply its firm disclosure procedures as additional information concerning entities having a connection with the Debtors is developed and will file appropriate supplemental disclosure with the Court. To the extent that the firm discovers any connection with any interested party or enters into any new relationship with any interested party, the firm will promptly supplement its disclosure to the Court.

11.     Based on the foregoing, insofar as I have been able to ascertain after diligent inquiry, I believe Olshan does not hold or represent an interest adverse to the Debtors' estates in the matters upon which Olshan is to be employed, and Olshan is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

### Olshan's Retainer, Rates, and Billing Practices

12.     During 2018, Olshan has been providing restructuring and other advice to the Debtors and assisted the Debtors in the preparation of their chapter 11 filings. On account of such services, on Olshan received a retainer of $25,000 plus $3,434 for disbursements from the Debtors as an initial advance on account of services rendered with regard to the Debtors' restructuring. In addition, Olshan received $25,000 from the Debtors to be held in escrow, the Debtors have agreed to set aside for Olshan up to $1,000/week, which sums likewise will be held in escrow, subject to any Court order that may be entered, as set forth in the Engagement Letter.

13.     For services rendered by Olshan in these cases, the Debtors, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further Orders of this Court, propose to pay Olshan its customary hourly rates for services rendered that are in effect from time to time, set forth herein, and to reimburse Olshan according to its customary reimbursement policies.

20.   Olshan's hourly rates are set at a level designed to compensate Olshan fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. Before giving effect to the reduction, in particular, Olshan's current hourly rates for matters related to these chapter 11 cases range as follows:

| | |
|---|---|
| Counsel: | $520-$620 |
| Associates: | $340-590 |
| Legal Assistants: | $180-350 |

21.   I am expected to have primary responsibility for providing services to the Debtors $750/hr. I will be assisted by Jonathan Koevary, $580/hr. and Lauren Irby, $390/hr. In addition, as necessary, other Olshan professionals and paraprofessionals will provide services to the Debtors.

14.   If at any time Olshan increases the hourly rate for its services and/or expense rate, Olshan will file a supplemental affidavit with the Court describing any such increases and provide notice of these increases to the Office of the United States Trustee.

15.   No promises have been received by Olshan, or any member, counsel, or associate thereof, as to payment or compensation in connection with these chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Engagement Letter. Olshan has no agreement with any other entity to share with such entity any compensation received by Olshan or by such entity.

16.   The Application requests approval of the retention of Olshan on rates, terms and conditions consistent with what Olshan charges non-chapter 11 debtors, namely, prompt payment of Olshan's hourly rates as adjusted from time to time and reimbursement of out-of-

5

4504630-1

pocket disbursements at cost or based on formulas that approximate the actual cost where the actual cost is not easily ascertainable. Subject to these terms and conditions, Olshan intends to apply, pursuant to section 330 of the Bankruptcy Code, for allowances of compensation for professional services rendered in these chapter 11 cases and for reimbursement of actual and necessary expenses incurred in connection therewith.

17. The foregoing constitutes the statement of Olshan pursuant to sections 327(a), 329, and 504 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and Local Rule 2014-1.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 21, 2018

/s/ Michael Fox
Michael Fox

**Schedule 1 to Fox Declaration**

**Interested Parties**

4504630-1

# EAST COAST TVS INC

## INTERESTED PARTIES

**Officers and Directors**
Isaac Barnathan

**Landlord**
601 Linden LLC

**Bank**
Bank of America

**Unsecured Creditors**
601 Linden LLC
AM Transportation Logistics
Beach Camera Electronics
Cynergy Data
Electronics Expo
FedEx Corporation
Henry Barnathan
Isaac Barnathan
Lucid Audio Video Inc.
Mack Camera
Shapiro and Associates
Skyview Appliance
Tuff Manufacturing
United Parcel Service
Warren's World
Wholesale USA Inc.

**Professionals**
Olshan Frome Wolosky LLP